KSC/04.16.25

AS: USAO2020R00905

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * CRIMINAL NO. JRR-25-138 |
| v. | * |
| | * (Conspiracy to Distribute and Possess |
| COREY RODNEY WILLIAMS, | * With Intent to Distribute Controlled |
| | * Substances, 21 U.S.C. § 846; Forfeiture, |
| Defendant. | * 21 U.S.C. § 853; Fed. R. Crim. P. 32.2(a)) |
| | * |
| | * |
| | * |

*******

USDC - BALTIMORE
'25 MAY 5 PM 3:02

## INFORMATION

### COUNT ONE

**(Conspiracy to Distribute and Possess With Intent to Distribute Controlled Substances)**

The United States Attorney for the District of Maryland charges that:

Beginning in or about 2019, and continuing through in or about November 2020, in the District of Maryland and elsewhere, the defendant,

**COREY RODNEY WILLIAMS,**

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute a mixture or substance containing a detectable amount of Tapentadol, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of Tramadol, Carisoprodol, Zopiclone, and Etizolam, Schedule IV controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

21 U.S.C. § 846

## FORFEITURE

The United States Attorney for the District of Maryland further alleges that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853 in the event of the defendant's conviction under Count One of the Information.

2. Upon conviction of the offense in Count One of the Information, the defendant,

**COREY RODNEY WILLIAMS,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a):

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation; and

   b. any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such violation.

### Property Subject to Forfeiture

3. The property to be forfeited includes, but is not limited to, the following:

   a. Approximately $1,922.00 in U.S. currency seized from the Defendant's residence on or about November 17, 2020;

   b. $3,697.21 in funds seized from the Defendant's PayPal Account pursuant to a search and seizure warrant issued on or about November 19, 2020; and

   c. $2,977.02 in funds seized from the Defendant's Kraken Account pursuant to a search and seizure warrant issued on or about November 19, 2020.

### Substitute Assets

4. Pursuant to Title 21, United States Code, Section 853(p), if any of the property described above as being subject to forfeiture, as a result of any act or omission by the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been comingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property charged with forfeiture in the paragraphs above.

21 U.S.C. § 853
Fed. R. Crim. P. 32.2(a)

*Kelly O. Hayes*

Kelly O. Hayes
United States Attorney

Digitally signed by ARIEL EVANS
Date: 2025.05.02 15:35:05 -04'00'